TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00186-CV






Kirk Wayne McBride, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT


NO. C2001-944B, HONORABLE CHARLES RAMSAY, JUDGE PRESIDING







 Kirk Wayne McBride appeals from the district court's order dismissing this cause
pursuant to civil practice and remedies code sections 14.003, 14.005, and 14.006(f). Tex. Civ.
Prac. & Rem. Code Ann. §§ 14.003, .005, .006(f) (West 2003). McBride is serving a ninety-nine-year prison sentence for aggravated sexual assault imposed in Comal County cause number
CR95-129. We will affirm the dismissal order.

 In his original petition, McBride alleged causes of action seeking:


 A "Declaratory Judgment, Judgment, and a Judicial Acknowledgment" that he
is "the lawful Holder in due course of the Acceptance of Value of the Birth
Certificate which is the legal instrument for the Title of Ownership or Deed to"
KIRK WAYNE MCBRIDE. (1)



 A "Declaratory Judgment, Judgment, [and] Judicial Acknowledgment" that no
contract "unifying" KIRK WAYNE MCBRIDE and Kirk Wayne McBride ever
existed and that the "Indemnification Contract" between McBride and
MCBRIDE is valid and enforceable. (2)




 A "Declaratory Judgment, Judgment, and Judicial Acknowledgment" making the
United States Treasury the fiduciary for Kirk Wayne McBride and the account
holder for KIRK WAYNE MCBRIDE for purposes of enforcing the "promissory
note" and "composition deed of debenture" executed by McBride and MCBRIDE
on January 2, 2001. (3)




 A "Declaratory Judgment, Monetary Judgment, and a Judicial Acknowledgment"
that the State of Texas breached its "implied-in-law contract" with Kirk Wayne
McBride and KIRK WAYNE MCBRIDE under which the State surrendered its
right to prosecute McBride and MCBRIDE after the limitations period expired.




 A "Declaratory Judgment, Monetary Judgment, and a Judicial Acknowledgment"
that the State of Texas and the United States breached their "implied-in-law
contract" with Kirk Wayne McBride and KIRK WAYNE MCBRIDE under
which McBride and MCBRIDE would be prosecuted only by persons who had
filed the constitutional oath of office.




After the State filed its motion to dismiss under chapter 14, McBride filed his first and second
supplemental petitions. These supplemental petitions contain "supplemental claims" challenging
the grounds for dismissal urged by the State and elaborating on the original petitions's allegations
regarding McBride's contention that his prosecution for aggravated sexual assault was barred by
limitations. (4)

 A claim or cause of action brought by an inmate who files an affidavit or declaration
of inability to pay costs may be dismissed if the court finds that the claim is frivolous. Tex. Civ.
Prac. & Rem. Code Ann. § 14.003(a)(2) (West 2003). In determining whether a claim is frivolous,
the court may consider whether the claim's realistic chance of ultimate success is slight, whether the
claim has no arguable basis in law or fact, and whether the claim is substantially similar to a previous
claim filed by the inmate. Id. § 14.03(b). Having considered the allegations in McBride's petitions
and the arguments advanced in his brief on appeal, we conclude that the district court did not abuse
its discretion by dismissing this cause as frivolous. We need not address McBride's challenge to the
other stated grounds for dismissal.

 The order of dismissal is affirmed.



 __________________________________________

 Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: December 5, 2002

Do Not Publish
1. It is McBride's contention that his birth certificate "created a legal fiction," KIRK WAYNE
MCBRIDE, distinct from the real person, Kirk Wayne McBride.
2. McBride argues that, in the absence of a "unifying" contract, the State could prosecute
MCBRIDE (the legal fiction) but not McBride (the person). He furthers argues that by a promissory
note dated January 2, 2001, "[MCBRIDE] indemnified [McBride] in the amount of ($1,000,000.00)
One Million United States dollars against any and all loss or damages to [McBride] as the result of
the Transmitting Utility function of [MCBRIDE] by the incarceration of [McBride] which resulted
from the charges made against [MCBRIDE]" in cause number CR95-129.
3. In the "promissory note," MCBRIDE promised to pay McBride one hundred billion dollars 
"for the lifetime services, future labor and revenues, and any securities used as collateral for loans
of credit to pay the daily operational costs, re-organization expenses in bankruptcy and insurance
policy premiums required to float the bankrupt UNITED STATES GOVERNMENT." 
MCBRIDE also promised to pay McBride one million dollars to indemnify McBride for the losses
resulting from the prosecution of MCBRIDE. These sums were to be paid to McBride by the
United States Treasury in monthly installments of one hundred thousand dollars. This
"promissory note" was secured by the "composition deed of debenture" conveying title to
MCBRIDE (in the form of the birth certificate) to McBride.
4. McBride's limitations claim was raised at trial and rejected by the jury, and that determination
was affirmed on appeal. McBride v. State, No. 03-95-00596-CR, 1997 Tex. App. LEXIS 1284 (Tex.
App.--Austin Apr. 24, 1997, pet. ref'd) (not designated for publication).